No. 435
STATE ex rel v. WOLFERT
Ohio Appeals, Lucas County
No. 1402. April 7, 1924

Motion to certify docketed in Supreme Court May 5, 1924, 2 Abs. 323; SC. Pend. page 000, this number of Abstract.

801. MUNICIPAL LAW—Zoning ordinance the requirements of which prevented all building on lot concerned, held unreasonable—Injunctio refused.

RICHARDS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This action was brought on behalf of relator Michael Behm to obtain a permanent injunction preventing defendants Edith Wolfert and others from completing the construction of a building in the city of Toledo on a lot adjoining one occupied by relator. The lot on which the building was commenced was thirty-two feet wide and had a depth of 42.86 feet.

A zoning ordinance of the city of Toledo was passed a few days after defendants obtained a permit to build and it established a set back line of not less than 25 feet and required a rear yard having a depth of not less than 25 feet. The ordinance applied to the lot in which said building was being erected. The contemplated cost of said building was $11,000 and at the time this action was commenced $1500 had been expended in construction. The Court of Appeals held:

The modern trend has been to sustain zoning ordinance adopted to conserve the public health, safety and general welfare but to declare invalid those which are unreasonable. To declare this zoning ordinance applicable to defendants' lot would result substantially in confiscation, as the two requirements of the ordinance exceed the entire depth of the lot.

Without determining the constitutionality of the zoning ordinance, we hold that it would be unreasonable to apply its terms to the facts disclosed in the case. Decree for defendants.

Attorneys—Hackett & Lynch, for State; O'Rourke and Lawton & Saalfill, for Wolfert; all of Toledo.

---

No. 436
STATE ex rel v. OHIO PUB. SERVICE CO.
Ohio Appeals, 9th Dist., Wayne County
No. 762. April 18, 1924

985. QUO WARRANTO—Reply by relator may allege a forfeiture without constituting a departure from the petition drawn in the short form.

FUNK, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action in quo warranto brought by the State ex rel Joseph Fritz, Pros. Atty. of Wayne Co., in which a petition, answer and reply were filed. Defendant moved to strike out certain parts of the reply of relator on the ground, among other things, that they alleged a forfeiture by defendant and thus constituted a departure from the petition. In overruling the motion the court held:

1. Prior to the present code proceedings in quo warranto were commenced by information calling upon the respondent to show by what right it exercised its corporate powers.

2. Under the old rule of pleading it was held that it was competent for relator to aver a forfeiture by way of replication.

3. It has been held by the Hamilton County Circuit Court that the former rule of pleading is not affected by bringing quo warranto proceedings under the present code.

4. The rule of pleading in quo warranto is somewhat different than in the ordinary civil case. Quo warranto proceedings call for only a short form petition, setting forth one or more of the provisions under 12304 GC.

5. It is not necessary for the petition to specify the particulars of such usurpation or misuse of the powers and franchises of defendant corporation.

6. In this case it might have been well for the relator to have alleged that defendant had forfeited its rights and privileges by certain acts but the petition taken in connection with the answer seems to this court to warrant the pleading of a forfeiture in the reply, without committing a departure in so doing. Motion overruled.

Attorneys—C. H. Henkel and Franklin L. Maier, for the mtoion; Critchfield & Etling, contra; all of Wooster.