**STATE, ex rel. KEARNS, Relator, v. OHIO-MIDLAND LIGHT AND POWER COMPANY, a corporation, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 5016.   Decided November 23, 1953.

Frank H. Kearns, Pros. Atty., Paul W. Martin, Asst. Pros. Atty., Columbus, for relator.

Eugene L. Hensel, Columbus, for respondent.

## OPINION

By THE COURT.

The relator has filed the following petition in quo warranto:

"Relator says that he is the duly elected, qualified and acting Prosecuting Attorney of Franklin County, Ohio; that respondent is a corporation organized and existing under and by virtue of the laws of the State of Ohio; that the principal office of respondent is located in

Canal Winchester, Franklin County, Ohio; that respondent does business in the Village of Groveport, Franklin County, Ohio; that the said Village of Groveport is a municipal corporation located in Franklin County, Ohio; that the said relator brings this action on behalf of the State of Ohio.

"Relator further states that respondent has taken charge and possession of, as of right, and is now using, public streets, lanes, alleys, avenues, rights-of-way and public places of said Village of Groveport for the erection, operation and maintenance of poles, wires, guy wires and electrical equipment used in connection with a railroad, tracks, switches, turnouts and other equipment used in connection with the transportation and carriage of freight, for the purpose of supplying private individuals, firms and corporations with services involving the transport and hauling of freight and receiving pay for said services so furnished; that said services of transport and carriage are not furnished by respondent in any capacity as a common carrier.

"Relator further states that respondent has assumed and used, and is now using, the said franchise rights and privileges, as above enumerated, the same not having been granted to it by any lawful authority, and without the consent or authority of the relator, the State of Ohio, nor of said, the Village of Groveport.

"WHEREFORE, relator prays that said respondent be compelled to answer to the state authority, by what warrant it claims to use and enjoy the liberties, privileges and franchises aforesaid; and that it be ousted from using the same, and for such other and further relief as may be just and equitable."

To the petition a demurrer has been interposed upon two grounds, to wit:

(1) The action was not brought within the time limited for the commencement of such action.

(2) The petition does not state facts which show a cause of action.

The first ground is based upon §11309 GC which, as far as applicable, authorizes a demurrer to be filed when it appears on the face of the petition that the action was not brought within the time limited for the commencement of such action, or that the petition does not state a cause of action. The statute for the limitation of actions in quo warranto is found in §12340 GC, which provides:

"Nothing in this chapter contained shall authorize an action against a corporation for forfeiture of charter, unless it be commenced within five years after the act complained of was done or committed; nor shall an action be brought against a corporation for the exercise of a power or franchise under its charter, which it has used and exercised for a term of twenty years; nor shall an action be brought against an officer to oust him from his office, unless within three years after the cause of such ouster, or the right to hold the office, arose."

After a careful examination of the petition we are of the opinion that it does not disclose any fact from which it could be concluded that the action was not seasonably brought.

In considering the second ground it is to be noted that the action

is brought under §12304 GC which authorizes the institution of quo warranto actions against corporations. This section provides that such proceedings may be instituted when the corporation has "exercised a franchise, privilege, or right in contravention of law." We are of the opinion the petition states a good cause of action under the cited section of the Code. In such an action the rule of pleading is somewhat different from that in ordinary civil cases. It calls for only a short form of petition setting forth one or more of the provisions found in the Code. **33 O. Jur. 55, p. 1055; State, ex rel. v. Ohio Public Service Co., 2 Abs 445.** In the cited case it was also held that it was not necessary to specify in the petition the particulars of such usurpation or misuse of the powers and franchises of the defendant corporation. The office of information in the nature of a quo warranto is not to tender an issue of fact but simply to call upon the defendant to show its warrant or charter for exercising the privileges and franchise named. When it is filed against a corporation by its corporate name it must be regarded as admitting the corporate existence of the defendant de facto, but its legal right to exist is not thereby admitted, nor its right to exercise any other franchise specified in the information. Since it is a special proceeding even though designated a civil action, the cause of action must be in harmony with the statutory subject of action. **33 O. Jur. 1006.**

The demurrer will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.